UNITED STATES COURTS OF CRIMINAL
THE SOUTHERN APPEALS CT OF TEXAS
HOUSTON DIVISION

84,372

Christopher Allgood §
            Sui - Juris, This document contains some §        CIVILACTION#: 4:15-CV-2721
    V                pages that are of poor quality §
STEPHANIE CURTIS, JOSE NAVA, me of imaging §
JOYCE BATSON §                                    RECEIVED IN
        DEFENDANTS §                    COURT OF CRIMINAL APPEALS
RECEIVED IN
COURT OF CRIMINAL APPEALS

## AFFIDAVIT - "WRIT OF MANDAMUS, AND SUPPORT OF..."

DEC 22 2015
DEC 21 2015

Abel Acosta, Clerk

I, the Affiant, do hereby affirm before God that the foregoing facts are true, correct, and factual under penalty of perjury to wit, providing proofs to the above Claim currently in proceedings in the above addressed courts and Judge, and case number. These following facts are for the Mandamus below to make these Courts correct a prior mistake given by JOYCE BATSON(Old Dist Clerk of MadisonVille County 278th) where she had NOT entered Christopher Allgood's Exhibits/Evidences(Al-8, Bl-11, Cl-5, Dl-2, El-8, Fl-36, Gl-2, and Hl-2)into the original Court's record; failing her duty as such Clerk; under case # 13-1356-278-10(Original Trial Court Madison 278th). Christopher Allgood(Affiant) demands the Clerk of the current Court (U.S.D.C.for Southern Dist. of TX, Judge Kenneth M. Hoyt, above styled case #, in Houston Div) recover said Affiant's Exhibits/Evidences from that Original trial Court at Madison 278th BECAUSE the Clerks and Dist Clerk there refuse to send this package to the Current Court WITHOUT this Clerk(David J Bradley)'s request; But, the current Judge and Clerk(Bradley) DENIED said requests and Motions of Mandamus on 12/9/2015, AND refused to enter into record of this court, Affiant's(Chris Allgood's) I 1-13 Exhibits sent to this Court by 'Return Receipt' and signed by Clerk as received, but not entered as yet either.

### I.
Proof of Claim: Article 2.21 'Duty of Clerks'(a)(1)=Receive & file ALL papers.[not some, not a few, but ALL]; (3)=Issue all process; (4)=Accept & file electronic documents received from Defendant/Plaintiff; (5)=Accept & file digital media..

### II.
Proof of Claim: Fed.R.Evid. 1001(1-4) and 1003. Said Affiant's Exhibit/Evidence package still in the hands of it's original Court of trial - Madison 278th, does this case's justice no good. Affiant is demanding such an action for this Court's(Bradley-USDC SDistTX)Clerk to retreive it BECAUSE the Court at Madison 278th WILL NOT SEND said Exhibit/Evidences to the currently proceeding Courts by Affiant's requests(letter, family phonecalls, etc) & Dist Clerk(Rhonda Savage)states that this package cannot leave unless said higher court sends such a request. Affiant requested this to Court and Clerk by 1)letter Cordially, 2)by attempted Mandamus, and now 3)to Criminal Court of Appeals due to JOYCE BATSON's mistakes in NOT entering said package into this case's record at all.

### III.
Proof of Claim: Affiant is incarcerated in the Texas Penal Institution and cannot 'force' any Clerk to do their duty, nor can he afford(due to his Indigency - See In Forma Pauperis in current Court that was affirmed), and lastly the Madison 278th Court refuses to send his Exhibits/Evidences if higher Court will not request them.

### IV.
Proof of Claim: Affiant's Exhibit/Evidence package(A-H)was received('Return Receipt'<see Affiant's Ex I-4>)by JOYCE BATSON Madison 278th with a giant window of many months before Affiant's case was suddenly Dismissed improperly(for lack of said Evidences/entered into record)and (Rhonda Savage - NEW Dist Clerk)Dist Clerk & Deputy(Tiffany McClure)made a contact with Affiant's parents explaining the mistake by BATSON, yet the Ex/Ev was entered finally over a year later!<See Ex I 1 & 13 of Affiant>

### V.
Proof Of Claim: The act being sought to be compelled by this Honorable Court is one of ministerial/clerical and NOT discretionary in nature.<See Affiant's Ex 16 & 2>; whereas

1

since the previous Courts did NOT rule on use of these Exhibits/Evidences at ALL because they were NOT processed by the receiving party(BATSON-old Dist Clerk Madison 278th)responsible for such, Rule 15(b) of Fed.R.Civ.P. could not be applied to this situation at hand still affecting this case currently.

## VI.

**Proof of Claim:** Affiant requested this action to this Honorable Court's Clerk (David J. Bradley), then again to Madison 278th(DeputyClerk - Tiffany McClure)at the beginning of this case in October 6, 2015; and a second time Nov 17, 2015, to be entered into this current Court's records for proceedings, but neither will go further than refusing such. Affiant simply requests that THIS Honorable Court please either intervene and force said clerks to exchange Affiant's Exhibits/Evidences as per their' duty to the next higher Court, or answer Affiant as to WHY and HOW a Plaintiff(as this Affiant)is expected to provide a means of postage when he is Indigent and already set under In Forma Pauperis by current Judge; AND how he is to 'FORCE' the Madison 278th into fulfilling their' position of duty with dealing with Plaintiff's Exhibits/Evidences that are'supposedly' now unaffectable by the 'Plaintiff'(Affiant-Allgood).

## VI.

**Proof of Claim:** On November 24, 2015, current Honorable Court's clerk(Bradley); by way of 'Return Receipt' mail/certified; did receive Affiant's partial Exhibit/Evidences I1-13 to be added to the original package<A1-8, B1-11, C1-5, D1-2, E1-8, F1-36, G1-2, H1-2>Exhibits/Evidences; but NO Docket affirmations, nor returned acceptances were replied to Affiant to date even though 2 responses to his 2 previous requests of Mandamus have already been answered as DENIED.

## VIII.

**Proof of Claim:** On November 16, 2015 Affiant DID submit his "Rebuttal To Defendants' Dismiss Motion", and same Court also granted Defendant's Motion to seal Evidence as Ex A for Defendants, but now refuse to do so for Affiant's requests to have them sent to this Honorable Court's proceedings in this case.

## IX.

**Proof of Claim:** Affiant would point out that on October 6, 2015 this Court ordered Defendants and Counsel<Order For Service Of Process Motion>to relinquish any and ALL "..copies of documents relevant to Plaintiff's claims and the Defendants' defense, including copies of documents of any written unit rules to to the alleged events forming the basis of this lawsuit." WHY is it that this Affiant cannot do the same, when the Exhibits/Evidences in question are being denied to his case's Court record here as well now?

### CAVEAT

The responses or assents, or failures/refusals to 1)Provide Affiant with a DocketSheet showing opposition to the above claims(Current USDC of TX Court ONLY applied to), 2)sending Affiant proof of Affiant's Exhibits I1-13, AND the recovery of said Exhibit/Evidences package from Madisonville County Courthouse 278th[101 West Main Street, Rm#226 Madisonville, TX 77864-1901 or Rhonda Savage - Dist Clerk 936-348-9204(3)] within the 30 days from this Affiant's "Affidavit - Writ of Mandamus and Support of" receival, will provide this Affiant a means to determine the nature and cause of the respondant(s)' actions and documents up to including 'Default'. However, 'silence' can only equate with fraud and/or discourse where there is a legal or moral duty to respond or where an inquiry left unanswered would be intentionally misleading, defaulting, and estoppel would be in full effect.

### PROOF OF SERVICE

Affiant declares under penalty of perjury pursuant to State of Texas Civ.R.P. that I have mailed a true copy of the enclosed above to Defendants' Counsels' at Po Box 12548, CapitolStation Austin,TX 78711, by placing it in Indigent supply envelope and allowing Ferguson Law Library personnel to handle it's forthadoth movement on December 16th, 2015.                Further the Affiant sayeth not.

Without Prejudice,

X. _____                    12/16/15

Christopher Allgood(1717600)          Sui - Juris
(Ferguslfhit)2120 Savage Drive        All Rights Reserved UCC 1-308
McKay, TX 75552                        T.D.C.

2